Testator required his executors to continue his manufacturing business until a sale of his estate located at a certain place had been satisfactorily effected. *Held*, that the trust was void, as being for a period not measured by lives, but by the discretion of the trustee.

2. Same—Contingent Legacy.
     A legacy to vest only when a sale provided at the discretion of the
     trustee had been made is also void, as determinable by a contingency
     which may not happen within any two designated lives.

In the matter of the last will and testament of Bernard L. Ackermann, deceased.   Proceedings on probate of a will.

Coudert Bros., for proponent.
James R. Ely, for B. L. Ackermann, Jr.
James E. Kelly and Henry De Forest Baldwin, special guardians.

THOMAS, S.   The trust imposed on the executors in the fifth paragraph of the will, requiring them to continue his manufacturing business "until a sale of my [his] real estate at Inwood has been effected satisfactorily to" them, is void.   I do not determine the question as to whether this, or any other language in the will, gives to the executors an implied power to sell the real property at Inwood.   If the executors have power to sell, the Inwood property is not required to be sold by them within any specified period, and the time when a sale is to be made by them is to be governed entirely by their discretion.   If they have no such power the question as to whether a sale is ever made must depend upon the action or initiative of others, and the further requirement of the approval by the executors of a sale, as a condition for the termination of the trust, will still remain.   In any event, the proposed trust is to continue for an indefinite period, which is to be measured, not by lives, but by the discretion of persons who cannot be coerced to act within any period measured by lives.   Such a trust is void.   Booth v. Baptist Church, 126 N. Y. 215, 244, 28 N. E. 238.   The legacies of the property devoted to the continuance of the business are only to vest on the sale of the Inwood property; that is to say, at a time in the future to be determined by a contingency which may not happen within any two designated lives.   These legacies are therefore void.   Id., 126 N. Y. 215, 28 N. E. 238.   This conclusion requires that the entire scheme for continuing the business of the testator, contained in the fifth, sixth, and seventh clauses of the will, shall be adjudged void, and the property directed to be used in that business will pass to the widow, son, and daughter under the clauses in the will disposing of the residuary estate.
Decreed accordingly.